# FOR PUBLICATION

**FILED & ENTERED**

**FEB 11 2020**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** ortiz **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# NORTHERN DIVISION

In re:

BERND SCHAEFERS,

Debtor.

Case No.: 9:19-11163-MB

Chapter 11

**MEMORANDUM OF DECISION DENYING MOTION TO STRIKE NOTICE OF APPEAL**
**[Case Dkt. 77]**

**MEMORANDUM OF DECISION**

Creditors Blizzard Energy and Franziska Shepard (the "Movants") move the Court (the "Motion," Case Dkt. 77) for an order striking the notice of appeal (the "Notice of Appeal," Case Dkt. 66) filed by debtor Bernd Schaefers (the "Debtor"), from the order appointing a chapter 11 trustee in his case. (the "Trustee Order," Case Dkt. 59).  The Debtor's appeal of the Trustee Order is pending before the Bankruptcy Appellate Panel for the Ninth Circuit (the "BAP").  The Movants contend that the notice of appeal was improper because it was filed by the Debtor, pro se, at a time when the Debtor was still represented by counsel.  (The Court has since granted the motion of Debtor's counsel to withdraw.)

The Movants' request is premised on 28 U.S.C. § 1654, which provides: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." Movants rely on case law that has construed this statute to mandate that a party *either* represent itself or be represented through counsel, but not both.  *See, e.g., In re Trinsey,* 115 B.R. 828, 832–33 (Bankr.E.D.Pa.1990).  The Movants, however, do not cite any case law in which a trial court struck a notice of appeal on this basis.

In *Tangwall v. Compton (In re Bertran)*, 2013 Bankr. LEXIS 5018 (Bankr. D. Alaska 2013), the late Honorable Herb Ross faced a problem similar to the one presented here.  In *In re Bertran,* the court was asked to strike a notice of appeal on the ground that it was improperly filed on a pro se basis.  Even though he appeared to agree that the notice of appeal was improperly filed— Judge Ross declined to grant the relief requested because he questioned whether the court had jurisdiction to do so.

After conducting its own research, this Court concludes definitively that it lacks jurisdiction to determine whether to strike or dismiss a notice of appeal.

A timely-filed notice of appeal divests a bankruptcy court of jurisdiction "over those aspects of the case involved in the appeal." *Sherman v. SEC (In re Sherman),* 491 F.3d 948, 967 (9th Cir. 2007); *see also Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (proper notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal").  "This judge-made principle is

designed to promote judicial economy and prevent the confusion that would result from two courts addressing the same issue." *Marino v. Classic Auto Refinishing (In re Marino)*, 234 B.R. 767, 769 (B.A.P. 9th Cir. 1999). "A pending appeal divests a bankruptcy court of jurisdiction to vacate or modify an order which is on appeal." *Id.*

But even when there is a question about the propriety of a notice of appeal, the trial court lacks jurisdiction to strike or dismiss it. *See Sperow v. Melvin*, 153 F.3d 780, 781 (7th Cir. 1998); *Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir. 1994); *Showtime/The Movie Channel, Inc. v. Covered Bridge Condominium Ass'n, Inc.*, 895 F.2d 711, 713 (11th Cir. 1990); *Camby v. Davis*, 718 F.2d 198, 200 n.2 (4th Cir. 1983); *United States v. Gov't of Guam,* 2009 U.S. Dist. LEXIS 112592, at *5 (D. Guam Dec. 3, 2009) ("As obvious as it may have been that the notice of appeal was untimely and otherwise procedurally improper, the court had to receive it, because a district court cannot dismiss an appeal.")

The question of whether a notice of appeal is properly filed is itself an "aspect of the case involved in the appeal." *See, e.g., In re Innovative Commun. Corp,* 2008 U.S. Dist. LEXIS 103834, at *7-8 (D.V.I. Dec. 24, 2008) ("Because Springel's motion to strike Hoover's notice of appeal was part of the subject matter of Hoover's appeal, the Bankruptcy Court lacked jurisdiction to consider that motion"); *In re Air Vermont, Inc.*, 47 B.R. 536 (Bankr. Vt. 1985) (holding that the bankruptcy court did not have jurisdiction to consider whether the order appealed from was interlocutory, whether the notice of appeal was proper, and therefore whether it ought to be stricken, because the filing of the notice of appeal "divested the court of jurisdiction over the subject matter of the appeal").

Accordingly, appellate courts repeatedly have held that it is error for a trial court to strike or dismiss a notice of appeal. *See, e.g., Hogg v. United States*, 411 F.2d 578, 580 (6th Cir. 1969) ("We hold that the District Court had no power to strike the Government's notice of appeal of January 8, 1968, on the ground that it was not authorized by the Solicitor General. The notice of appeal operated to transfer jurisdiction of the case to this Court, and therefore the District Court had no jurisdiction to act except in aid of the appeal . . . .The order of the District Court striking the notice of appeal was not an act authorized by the Rules in aid of the appeal and it therefore is a

nullity."); *Willis v. Town of Trenton*, No. 95-2777, No. 95-2992, No. 96-1023, 1996 U.S. App. LEXIS 6152, at *2 (4th Cir. Apr. 2, 1996) ("The district court did not have jurisdiction to strike the untimely notice of appeal."); *Moore v. Hood Cty.*, No. 93-1529, 1994 U.S. App. LEXIS 41793, at *2 (5th Cir. Mar. 25, 1994) ("The district court's order striking and unfiling the document was improper. The notice of appeal is effective to confer appellate jurisdiction").

For the foregoing reasons, the Motion will be denied for lack of jurisdiction. The Court expresses no opinion on the merits of the Motion. If, as, and when the Movants request the BAP to strike the Notice of Appeal, it will be within the BAP's purview to consider any such request.

###

Date: February 11, 2020

Martin R Barash
United States Bankruptcy Judge